UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WALTERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORP.,<br><br>Defendant. | Case No.: 3:16-cv-1678-L-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL [Doc. 96]** |

Pending before the Court is plaintiff's unopposed motion to file documents under seal [ECF No. 96].

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 (9th Cir. 2003). Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons"

1

standard. *Id*. at 1178. Whether a party's proffered reasons for filing documents under seal are compelling is fact specific and left to the "sound discretion of the trial court." *Nixon*, 435 U.S. at 599. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

Here, plaintiff contends that his financial statements and confidential financial information should be filed under seal because it would expose him to the risk of identity theft and other crimes and violate his constitutional right of privacy.[1] The Court disagrees. Plaintiff certainly has a privacy interest in financial information such as his bank account or debit card account numbers because such information is not publicly available and disclosure could cause irreparable harm. However, as currently redacted, plaintiff's private financial identifiers, *i.e.*, social security number and account numbers, are concealed. Moreover, none of the compelling reasons identified above are implicated by public disclosure of the relevant document. As such, the Court finds that plaintiffs have not established compelling privacy reasons to reserve the document [ECF No. 89] under seal. The Court therefore **DENIES** plaintiff's motion to file the document [ECF No. 89] under seal.

Here, plaintiff also seeks to file under seal his motion for class certification and certain confidential exhibits regarding defendant's trade secrets, business practices, and

---

[1] Plaintiff mistakenly asserts that, because this case comes to the Court by diversity jurisdiction, "state law of privilege govern . . ." (ECF No. 96-1 at 3-4) (citing *Mony Life Ins. Co. v. Marzocchi*, 2012 WL 13042548, at *1 n.3 (E.D. Cal. Apr. 6, 2012)). Plaintiffs fails to mention that this case cite refers to the substantive law to be applied to a *discovery dispute* concerning psychotherapist-patient privilege. Unlike here, where the Court is instructed by federal law on matters of procedure. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945) ("As to consequences that so intimately affect recovery or non-recovery[,] a federal court in a diversity case should follow State law.") For the foregoing reason, the Court applies the compelling reasons standard to plaintiff's request as it implicates documents in support of dispositive motions. *Kamakana*, 447 F.3d at 1180-81.

1  internal operating policies and procedures related to its debit card.  If public access of a
2  document might harm a litigant's competitive standing in its business, the Court has
3  discretion to allow a party to file the document under seal.  *Id.* at 598–99.  Having reviewed
4  the motion and attached exhibits, the Court finds that public disclosure of these documents
5  might harm defendant's competitive standing in its business.  The Court therefore
6  **GRANTS** plaintiff's motion to file these documents [ECF No. 97 and related attachments]
7  under seal.

**IT IS SO ORDERED.**

Dated:  September 17, 2018

_____
Hon. M. James Lorenz
United States District Judge