# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WALTERS, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORP.,<br><br>Defendant. | Case No.: 16-cv-1678-L-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 85]** |

Before the Court is the joint motion of the parties for determination of a discovery dispute filed on August 29, 2018. (ECF No. 85). The dispute presents a motion for protective order by Defendant regarding Plaintiff's request to depose Defendant's in-house counsel, Kristin Watnemo. This dispute arises out of an earlier dispute regarding, in part, the adequacy of the witnesses designated by Defendant for deposition under Fed. R. Civ. P. 30(b)(6). (*See* ECF No. 79). During one of the depositions, the witness acknowledged that everything she knew about Defendant changing the name of the "Target Check Card" to "Target Debit Card" came from Ms. Watnemo, one of the few employees remaining from that period of time involved in that

1

matter.

Deposing opposing counsel, although not unlawful, is discouraged. *See Stevens v. Corelogic, Inc.,* No. 14-cv-1158-BAS-JLB, 2015 WL 8492501 *1 (S.D. Ca. Dec. 10, 2015). Most courts, including ours, refer to the three-part test articulated in *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986), to determine the appropriateness of such a deposition.

*Shelton*, and its progeny, involve depositions of in-house litigation counsel. It is not clear whether Ms. Watnemo has that role at Defendant. Regardless, the Court finds the guidance provided by *Shelton* persuasive and will apply it generally here. A party seeking the deposition of opposing counsel must show: (1) There are no other means to obtain the information; (2) The information is relevant and non-privileged; and, (3) The information is crucial to the preparation of the case. *See Shelton,* 805 F.2d at 1327.

Defendant argues that Plaintiff has failed his burden. There are other means to obtain the information – Plaintiff obtained it from Defendant's designee; that the relevance of the information is questionable because Plaintiff's case challenges the marketing of the debit card, not its predecessor card; and, the information is not crucial.

Defendant makes a good point but it is clear from the deposition of the designee that Ms. Watnemo is uniquely suited to provide this information. Accordingly, the Court will allow Plaintiff to depose Ms. Watnemo for no more than three hours limited exclusively to questions regarding the renaming of the Target Check Card to the Target Debit Card. Ms. Watnemo's testimony also is limited to factual, non-privileged information. Ms. Watnemo may be instructed not to answer any questions outside of this scope.

## CONCLUSION

As presented in this Joint Motion, Defendant's motion for a protective order regarding the deposition of Ms. Watnemo is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: October 2, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge