UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WALTERS, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORP.,<br><br>Defendant. | Case No.: 16-cv-1678-L-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REQUESTS FOR ADMISSION**<br><br>**[ECF NO. 114]** |

Before the Court is the joint motion of the parties for determination of a discovery dispute filed on October 12, 2018. (ECF No. 114). The dispute concerns whether Defendant need respond to requests for admission allegedly served untimely under the operative Scheduling Order.

The Scheduling Order, in relevant part, provides:

All fact discovery shall be completed by all parties no later than **September 18, 2018**. "Completed" means that all discovery under Rules 30-36, and discovery subpoenas under Rule 45,1 must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response.

(ECF No. 66, ¶ 5). It appears undisputed that Plaintiff served Defendant with requests for admission, under Rule 36, Fed. R. Civ. P., on August 21, 2018, which carried a due date of September 20, 2018. (ECF No. 114 at 2).[1] Rule 36(a)(3) requires a response be served to a request for production within 30 days after being served with the request.

Plaintiff seeks to compel Defendant to respond arguing that its service was only 2 days late, Defendant is not prejudiced and, in the alternative, to extend the scheduling order deadline to allow Defendant to respond. (ECF No. 114 at 2-3). Defendant asserts that court-ordered deadlines should be enforced and that Plaintiff has not shown the requisite good cause to modify the scheduling order.

The Court agrees with Defendant that deadlines provided either in the Federal Rules, scheduling orders or chambers rules should be enforced. Close enough is not good enough. *See Jones v. Ryan*, No. 07-cv-1019-JMA, 2010 WL 3275686 at *1 (S.D. Cal. Aug. 13, 2010). The Court also agrees that modification of the scheduling order, under Rule 16(b)(4), Fed. R. Civ. P., requires good cause. The standard for good cause under this Rule primarily considers the diligence of the party seeking the modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Court will enforce its deadlines unless convinced by Plaintiff that good cause exists to modify the scheduling order. In that regard, Plaintiff offers that requests for admission serve the cause of advancing the litigation by narrowing issues for trial and avoiding the necessity of proving certain facts. Plaintiff also offers that he has been diligent in pursuing discovery and

---

[1] The Court will refer to page numbers provided by CM/ECF rather than original pagination throughout.

there is no prejudice. Plaintiff offers the case of *Estate of Cruz-Sanchez v. United States*, No. 17-cv-0569-BEN-NLS, 2018 WL 2193415 (S.D. Cal. May 14, 2018), in support of its position that good cause exists here to extend the scheduling order. In *Estate of Cruz-Sanchez*, however, the tardiness in serving requests for production of documents was a consequence of the late discovery of a witness with relevant documents. 2018 WL 2193415 at *2. That is not the case here.

On August 22, 2018, the Court denied Plaintiff's motion to amend the scheduling order finding, among other things, that "Plaintiff has failed to demonstrate diligent and timely pursuit of discovery." (ECF No. 82). At that point, Plaintiff was on notice that the Court had issues with Plaintiff's diligence. Plaintiff's assertion that it was delayed in writing the requests for admission because Plaintiff had to wait for responses from certain third party discovery is insufficient as Plaintiff has not provided any specifics regarding when the responses were received and why they were essential to the requests for admission. (ECF No. 114-1 at 4).

The Court recognizes and agrees with the utility of requests for admission in potentially narrowing issues and the need for certain proof. The parties again will have this opportunity in advance of their pretrial conference. During the pretrial conference, the district judge will be looking to the parties to simplify the issues and admit and stipulate to facts and documents to avoid unnecessary proof. *See* Rule 16(c)(2)(A) and (C), Fed. R. Civ. P. The late-served requests for admissions can serve as a template to guide those discussions.

//

//

//

## CONCLUSION

As presented in this Joint Motion, Plaintiff's motion to compel responses to requests for admission is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 9, 2018

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge