UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WALTERS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TARGET CORP.,<br><br>　　　　　　　　　　　Defendant. | Case No.:  3:16-cv-1678-L-MDD<br><br>**ORDER GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br>**[Doc. Nos. 116, 119, 128, 135]** |

　　　　Pending before the Court are four unopposed motions to file under seal several documents related to Defendant Target Corporation's ('Target") motion for summary judgment and Plaintiff James Walters' ("Walters") motion for class certification [docs. 116, 119, 128, 135]. For the reasons which follow, each motion is GRANTED.

　　　　Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 (9th Cir. 2003).  Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178
1

(9th Cir. 2006). Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access by meeting the "compelling reasons" standard. *Id*. at 1178. Whether a party's proffered reasons for filing documents under seal are compelling is fact specific and left to the "sound discretion of the trial court." *Nixon*, 435 U.S. at 599. "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

Here, Walters seeks to file under seal his opposition to Target's motion for summary and certain exhibits and his reply supporting Walters' motion for class certification and certain confidential exhibits [docs. 116, 135]. Meanwhile, Target seeks to file under seal its reply in support of its motion for summary judgment with corresponding exhibit and its unredacted opposition to Walters' motion for class certification and exhibits [docs. 119, 128]. The pleadings, transcripts, and exhibits sought to be filed under seal reference and directly touch on Target's and third party's trade secrets, business practices, and internal operating policies and procedures related to its debit card. Having reviewed the motions and attached exhibits, the Court finds that public disclosure of these documents might harm defendant's competitive standing in its business. Accordingly, in its discretion, the Court permits the requested documents to be filed under seal. *See Nixon*, 435 U.S. at 598–99. The Court therefore **GRANTS** these motions to file the following documents under seal:

(1) Walters' opposition to Target's motion for summary judgment and exhibits 2-10, 12-19, 24-25 [doc. 116];

(2) Target's unredacted reply memorandum of points and authorities and exhibit B in support of its motion for summary judgment [doc. 118];

(3) Target's opposition to Walter's motion for class certification, exhibits D, E, and F of James R. McGuire's declaration, and exhibit A of Kristen Cook's declaration [doc. 128];

(4) Walters' reply in support of his motion for class certification and attached exhibits [doc. 135].

**IT IS SO ORDERED.**

Dated: June 17, 2019

Hon. M. James Lorenz
United States District Judge