# EXHIBIT 1

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement"), dated as of June 18, 2019, is entered into by Plaintiffs, James Walters, Michelle Dixon, Charles Powell, and Deana Polcare (Plaintiffs Dixon, Powell, and Polcare will be referred to as "Minnesota Plaintiffs" and collectively with Plaintiff Walters, they shall be referred to as "Plaintiffs") individually and on behalf of the Settlement Class defined herein, and Defendant Target Corporation ("Target"). Plaintiffs and Target are each individually a "Party" and are collectively the "Parties." The Parties hereby agree to the following terms in full settlement of the actions entitled *Walters v. Target Corp.*, No. 3:16-cv-1678-L-MDD (S.D. Cal.) ("California Action") and *Dixon, et al. v. Target Corp.*, No. 0:18-cv-02660 (D. Minn.) ("Minnesota Action") (California Action and Minnesota Action collectively, the "Actions"), subject to Final Approval, as defined below, by the United States District Court for the Southern District of California ("Court").

**I   RECITALS**

WHEREAS, on June 29, 2016, Plaintiff Walters filed the California Action and alleged that the TDC, as defined below, is deceptively marketed. Walters further alleged that Target breaches the TDC Agreement, defined below, as well as the duty of good faith and fair dealing by the manner in which Target processes TDC Transactions, defined below, and assesses RPFs, defined below, on consumers. Plaintiff Walters filed the First Amended Complaint on August 15, 2016. The First Amended Complaint asserted causes of action for (I) breach of contract, including the implied covenant of good faith and fair dealing; (II) unjust enrichment; (III) unconscionability; (IV) conversion; (V) violation of the "unfair" prong of California's unfair competition law ("UCL"); (VI) violation of the "fraudulent" prong of the UCL; (VII) violation of the "unlawful" prong of the UCL; and (VIII) violation of the Consumers Legal Remedies Act;

WHEREAS, on September 14, 2016, Target moved to dismiss the California Action on the basis that the First Amended Complaint failed to state a cause of action, which motion was granted in part and denied in part by the Court on February 14, 2017. Plaintiff's UCL, CLRA, and breach of the implied covenant of good faith and fair dealing claims survived;

WHEREAS, on June 26, 2017, Target filed a motion for reconsideration of the Court's order on its motion to dismiss;

WHEREAS, on October 19, 2017, the Court issued an order granting in part and denying in part the motion for reconsideration, further limiting the scope of the good faith and fair dealing count;

WHEREAS, the Parties engaged in extensive fact and class discovery, retained experts, and exchanged expert reports;

WHEREAS, on September 7, 2018, Target filed a motion for summary judgment, which Plaintiff Walters opposed and remains pending;

WHEREAS, on September 12, 2018, Plaintiff Walters filed a motion for class certification, which Target opposed and remains pending;

WHEREAS, on September 12, 2018, Plaintiffs Dixon and Powell filed the Minnesota Action. On January 22, 2019, Plaintiffs Dixon, Powell, and Polcare filed the First Amended Class Action Complaint in which they alleged similar conduct by Target and included counts for: (I) violation of the Minnesota Consumer Fraud Act, Minn. Stat. §§ 325D.44, 325F.68; (II) violation of the Minnesota False Statements in Advertising Act; (III) breach of contract; (IV) violation of the Florida Deceptive and Unfair Trade Practices Act on behalf of Plaintiff Dixon and a Florida Subclass; (V) violation of the North Carolina Consumer Protection Law on behalf of Plaintiff Powell and a North Carolina Subclass; and (vi) violation of the New York General Business Law § 349 on behalf of Plaintiff Polcare and the New York Subclass;

WHEREAS, on April 18, 2019, Target filed an answer in the Minnesota Action and denied liability to Plaintiffs Dixon, Powell, and Polcare on any basis or in any amount;

WHEREAS, Target has denied, and continues to deny each and every claim and allegation of wrongdoing asserted in the Actions, and Target believes it would ultimately be successful in its defense of all claims asserted in the Actions;

WHEREAS, Target has nevertheless concluded that because further litigation involves risks and could be protracted and expensive, settlement of the Actions is advisable;

WHEREAS, Plaintiffs, individually and on behalf of the Settlement Class, as defined below, believe that the claims asserted in the Actions have merit and that there is evidence to support their claims;

WHEREAS, Plaintiffs nevertheless recognize and acknowledge the expense and length of continued litigation and legal proceedings necessary to prosecute the Actions through trial and through any appeals; and

WHEREAS, Plaintiffs have also, in consultation with their counsel, assessed the legal risks faced in the Actions, and on the basis of that assessment believe that the Settlement set forth in this Agreement, and as defined below, provides substantial benefits to Plaintiffs and the Settlement Class; is fair, reasonable, and adequate; and is in the best interests of Plaintiffs and the Settlement Class.

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the Parties agree that the Actions shall be fully and finally compromised, settled, released, and dismissed with prejudice, subject to the terms and conditions of this Agreement and subject to Final Approval as set forth herein.

## II    TERMS OF THE SETTLEMENT

### Section 1.    Definitions

In addition to the terms defined elsewhere in this Agreement, the following capitalized terms used in this Agreement shall have the meanings specified below:

1.1     "Administrative Costs" means all out-of-pocket costs and third-party expenses of the Settlement Administrator that are associated with providing notice of the Settlement to the Settlement Class, administering and distributing the Settlement Class Member Cash Payments to Settlement Class Members, or otherwise administering or carrying out the terms of the Settlement, including but not limited to postage and telecommunications costs. Administrative Costs shall include the Administrator's hourly charges for administering the Settlement and providing notice.

1.2     "Adjustments" means, collectively, the Class Representative Service Awards, the Fee & Expense Award, and the amount of the Administrative Costs.

1.3     "First Amended Complaint" means the complaint filed in the California Action on August 15, 2016.

1.4     "Cash Settlement Amount" means the $5,000,000 payable by Target to establish the Settlement Fund.

1.5     "Class Counsel" means Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Kaliel PLLC, and Tycko & Zavareei LLP.

1.6     "Class Period" means the period between June 29, 2012 and the date of the Preliminary Approval Order.

1.7     "Class Representatives" means the Plaintiffs in the Actions, James Walters, Michelle Dixon, Charles Powell, and Deana Polcare, individually or collectively, if and when the Court appoints them as representatives of the Settlement Class.

1.8     "Class Representative Service Awards" means the service awards that Plaintiffs will seek for their service to the Settlement Class in an amount not to exceed $19,000 total.

1.9     "Debt Reduction Cash Amount" means twenty-five percent of the value of the RPFs that were the first RPFs incurred by Settlement Class Members during the Class Period and remain outstanding and unpaid as of the Effective Date.

1.10    "Debt Reduction Payment" or, plural, "Debt Reduction Payments," means the credit to be given to a Settlement Class Member out of the Debt Reduction Cash Amount.

1.11    "Effective Date" shall mean the date when the last of the following has occurred: (1) the day following the expiration of the deadline for appealing Final Approval if no timely appeal is filed, or (2) if an appeal of Final Approval is taken, the date upon which all appeals (including any requests for rehearing or other appellate review), as well as all further appeals therefrom (including all petitions for certiorari) have been finally resolved without material change to the Final Approval Order, as determined by

Target, and the deadline for taking any further appeals has expired such that no future appeal is possible; or (3) such date as the Parties otherwise agree in writing.

1.12     "Fee & Expense Award" means the attorneys' fees, costs and expenses that Class Counsel will seek from the Court as more fully described in Section 3.2.

1.13     "Final Approval" means entry of the Final Approval Order.

1.14     "Final Approval Hearing" means the date the Court holds a hearing on Plaintiffs' motion seeking Final Approval.

1.15     "Final Approval Order" means the order the Court will enter granting Final Approval of the Settlement.

1.16     "Linked Deposit Account" means the deposit account linked to a consumer's TDC from which the TDC withdraws funds to pay TDC Transactions.

1.17     "National Change of Address Database" means the change of address database maintained by the United States Postal Service.

1.18     "Net Settlement Fund" means the Cash Settlement Amount, less the Adjustments.

1.19     "Objection Deadline" means 130 days after Preliminary Approval (or other date as ordered by the Court).

1.20     "Opt-Out Deadline" means 130 days after Preliminary Approval (or other date as ordered by the Court).

1.21     "Preliminary Approval" means entry of the Preliminary Approval Order.

1.22     "Preliminary Approval Order" means the order entered by the Court granting Preliminary Approval of the Settlement, a proposed form of which is attached as *Exhibit D* hereto.

1.23     "RPF" or, plural, "RPFs," means the Returned Payment Fee that Target applies to a TDC when a TDC transaction is returned unpaid by the customer's financial institution holding the Linked Deposit Account.

1.24     "Settlement" means the settlement of the Actions by the Parties and the terms thereof contemplated by this Agreement.

1.25     "Settlement Administrator" means Epiq Systems.

1.26    "Settlement Class" means all TDC holders in the United States who, within the Class Period, incurred at least one RPF in connection with their TDC, that was not refunded or waived.

1.27    "Settlement Class member" means a person who falls within the definition of the Settlement Class.

1.28    "Settlement Class Member" means a person who falls within the definition of the Settlement Class and did not opt out of the Settlement.

1.29    "Settlement Class Member Cash Payment" means an award to a Settlement Class Member of funds from the Net Settlement Fund.

1.30    "Settlement Class Notices" means the notices given to the Settlement Class, which includes *Exhibits A, B, and C*, attached hereto.

1.31    "Settlement Fund" means the $5,000,000 cash fund created by the deposit of the Cash Settlement Amount.

1.32    "Settlement Fund Account" means the account into which Target will deposit the Cash Settlement Amount.

1.33    "Settlement Value" means, collectively, the Cash Settlement Amount and the Debt Reduction Cash Amount.

1.34    "TDC" means the Target Debit Card.

1.35    "TDC Agreement" means the TDC terms and conditions as may be amended from time to time that all consumers accept when they open a TDC account.

1.36    "TDC Transaction" means a transaction with Target whether in a brick-and-mortar Target store or on Target's website where a customer uses their TDC to make a purchase.

**Section 2.    The Settlement**

2.1    <u>Conditional Certification of the Settlement Class</u>

(a)    Solely for purposes of this Settlement, the Parties agree to certification of the following Settlement Class under Federal Rules of Civil Procedure 23(b)(2) and (b)(3):

All TDC holders in the United States who, within the Class Period, incurred at least one RPF in connection with their TDC, that was not refunded or waived.

(b)    In the event that the Settlement does not receive Final Approval, or in the event the Effective Date does not occur, the Parties shall not be bound

5

by this definition of the Settlement Class, shall not be permitted to use it as evidence or otherwise in support of any argument or position in any motion, brief, hearing, appeal, or otherwise, and Target shall retain its right to object to the maintenance of the Actions as class actions and the suitability of the Plaintiffs to serve as class representatives.

    2.2    <u>Settlement Benefits</u>

    (a)    *Business Practice Changes*

    (1)    Beginning on or before the Effective Date, Target agrees not to implement or assess RFPs, or any equivalent fee, in connection with TDC transactions that are less than $7.00, for a period of two years from the Effective Date. Nothing herein shall prohibit Target from continuing the practice change beyond the time period provided herein.

    (2)    Beginning on or before the Effective Date, Target agrees that any RFPs charged will be the lesser of the RFP as disclosed by the TDC Agreement or the amount of the TDC transaction that was returned unpaid, for a period of two years from the Effective Date. Nothing herein shall prohibit Target from continuing the practice change beyond the time period provided herein.

    (3)    The Parties will work collaboratively up to the time of Final Approval to amend the TDC Agreement to provide additional information to TDC Holders regarding how they may incur RPFs from Target and non-sufficient funds or overdraft fees from their banks and/or credit unions in connection with the use of the TDC, with Target maintaining final discretion regarding the amended disclosures.

    (b)    *Monetary Relief*

    (1)    <u>Settlement Amount</u>. Target has agreed to pay $5,000,000.00 in cash for the benefit of the Settlement Class; and

    (2)    <u>Debt Reduction Cash Amount</u>. For Settlement Class Members who did not pay the first RPF they incurred during the Class Period that was not refunded or waived, Target has agreed to waive twenty-five percent of that RPF, which amounts to approximately $3,222,330.00.

    (3)    <u>Escrow Account</u>. Within 15 days following Preliminary Approval, Target shall deposit the Cash Settlement Amount into the Settlement Fund Account, which shall be held in an account selected by the Settlement Administrator.

    (4)    <u>Class Member Monetary Relief</u>. Each Settlement Class Member will receive relief from either the Cash Settlement Amount or Debt Reduction Cash Amount. If the Settlement Class Member paid the first RPF incurred during the Class Period, in whole or part, the Settlement Class Member shall be entitled only to the monetary relief in Section 2.2(b)(5). If the Settlement Class Member has not paid the first RPF incurred during the Class Period, the Settlement Class Member shall be entitled only to the monetary relief in Section 2.2(b)(6).

(5) <u>Calculation of Settlement Class Member Cash Payments</u>. Subject to the limitations set forth in Section 2.2(b)(4), each Settlement Class Member who has paid all or part of the first RPF he or she incurred during the Class Period shall be entitled to receive a Settlement Class Member Cash Payment from the Net Settlement Fund. Each Settlement Class Member Cash Payment shall be equal to the Settlement Class Member's *pro rata* share of the Net Settlement fund based on the dollar amount of the first RPF paid by the Settlement Class Member.

(6) <u>Calculation of Debt Reduction Payments</u>. Subject to the limitations set forth in Section 2.2(b)(4), for each Settlement Class Member who has not paid the first RPF he or she incurred during the Class Period at the time the Settlement Class Member Cash Payments are to be distributed, the Debt Reduction Cash Amount will be used by Target to reduce such outstanding RPF by twenty-five percent. Under no circumstances will Target be required to make any cash payments as a result of the Debt Reduction Payments. No Debt Reduction Payment shall be considered an admission by any Settlement Class Member that the underlying debt is valid.

(7) <u>Complete Relief</u>. In exchange for the releases described below, dismissal with prejudice of the Minnesota Action described below, and a final judgment in the California Action pursuant to the terms of this Settlement Agreement, Target agrees to make the business practice changes described in Section 2.2(a) and to pay the Cash Settlement Amount and Debt Reduction Cash Amount. The Parties agree that the Cash Settlement Amount and Debt Reduction Cash Amount represent the total amount that Target must pay to settle the claims of Settlement Class Members arising from both Actions, and that in no event shall Target be responsible for any payments, costs, expenses, or claims beyond these amounts. No portion of the Cash Settlement Amount shall revert to Target, except where the Settlement is terminated pursuant to the terms of the Agreement.

2.3 <u>Amendment of the California Action and Dismissal of the Minnesota Action</u>. It is the Parties' intent that this Agreement shall resolve the California Action and the Minnesota Action and any and all claims that were brought in both of the Actions. The Parties agree that members of the proposed class in the Minnesota Action are members of the proposed nationwide Settlement Class and shall receive the relief provided in the Agreement to resolve their claims against Target. Therefore, upon Preliminary Approval, the Parties further agree to move the Court in the California Action for leave to amend the First Amended Complaint to add the Minnesota Plaintiffs as plaintiffs in the California Action. It is the intent of the Parties that this will be effectuated for the sole purpose of bringing all Plaintiffs before the Court in the California Action to allow all of the Plaintiffs to be named as Class Representatives in the California Action for the purpose of Settlement only. The motions for Class Representative Service Awards and Fee & Expense Award in the California Action shall encompass and resolve the claims of the Minnesota Plaintiffs for class representative incentive awards, and for the Minnesota Plaintiffs' counsel's attorneys' fees and expense reimbursement. Pursuant to Federal Rule of Civil Procedure 41(A)(1)(ii), Plaintiffs Dixon, Powell, and Polcare will dismiss with prejudice the Minnesota Action within 10 days of the Effective Date. Target shall join in the Minnesota Plaintiffs' stipulation of dismissal.

2.4   Releases.

(a)   *Settlement Class Member Release.* Upon the Effective Date, Plaintiffs and each Settlement Class Member, including any present, former, and future spouses, as well as the present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns of each of them, shall release, waive, and forever discharge Target and each of its present, former, and future parents, predecessors, successors, subsidiaries, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint venturers, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, insurers, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf (collectively, "Target Releasees") from any and all claims that: (a) arise from or relate to the conduct alleged in the Actions; (b) arise out of, relate to, or are in connection with the TDC or any fees assessed in connection with the TDC; or (c) arise out of, relate to, or are in connection with the administration of the Settlement ("Released Target Claims").

(b)   *Unknown Claims.* With respect to the Released Target Claims, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Thus, subject to and in accordance with this Agreement, even if the Plaintiffs and/or Settlement Class Members may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Target Claims, Plaintiffs and each Settlement Class Member, upon entry of Final Approval of the Settlement, shall be deemed to have and by operation of the Final Approval Order, shall have, fully, finally, and forever settled and released all of the Released Target Claims. This is true whether such claims are known or unknown, suspected, or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(c) *Named Plaintiffs Release*. In addition to the releases made by Plaintiffs and the members of the Settlement Class above, Plaintiffs Walters, Dixon, Powell, and Polcare, including each and every one of their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them, makes the additional following general release of all claims, known or unknown, in exchange and consideration of the Settlement set forth in this Agreement. These named Plaintiffs agree to a general release of the Target Releasees from all claims, demands, rights, liabilities, grievances, demands for arbitration, and causes of action of every nature and description whatsoever, known or unknown, pending or threatened, asserted or that might have been asserted, whether brought in tort or in contract, whether under state or federal or local law.

(d) *Covenant Not to Sue*. Plaintiffs Walters, Dixon, Powell, and Polcare and the Settlement Class Members covenant not to sue or otherwise assert any claims for deceptive practices against Target challenging Target's practices with respect to RPFs, including, but not limited to, the processing of TDC transactions and the marketing of the TDC, during the period of time the changes to business practices set forth in Section 2.2(a) remain in effect, but in no case beyond two years from the Effective Date. Nothing in this paragraph shall be construed as a covenant not to sue if Target does not properly change its business practices as set forth in Section 2.2(a).

## 2.5  Notice Procedures

(a) *Settlement Administrator*. The Parties have jointly selected Epiq Systems as the Settlement Administrator of the Settlement. Class Counsel will oversee the Settlement Administrator. The Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement. The Administrative Costs will be paid out of the Settlement Fund.

(b) *Provision of Information to Settlement Administrator*. Within 15 business days of Preliminary Approval, Target will provide the Settlement Administrator with the following information, which will be kept strictly confidential between the Settlement Administrator and Target, for each Settlement Class member: (i) name; (ii) last known e-mail address if available; (iii) last known mailing address; (iv) TDC Account Number, or some sort of unique identifier that can be used to identify each separate Settlement Class member; (v) the date and amount of the first RPF incurred by each Settlement Class member during the Class Period that has not been refunded or waived; and (vii) for each RPF in item number (v), an identifier that distinguishes whether the RPF was paid by the customer or remains due and owing. The Settlement Administrator shall use the data provided by Target to make the calculations required by the Settlement, and the Settlement Administrator shall share the calculations with Class Counsel. The Settlement Administrator shall use this information solely for the purpose of administering the Settlement.

(c) *Settlement Class Notices*. Within 70 days of Preliminary Approval, or by the time specified by the Court, the Settlement Administrator shall send

the Settlement Class Notices in the forms attached hereto as *Exhibits A, B, and C*, or in such form as is approved by the Court, to the Settlement Class.

(1)    The Administrator shall send the "Email Notice," attached hereto as *Exhibit A*, to all Settlement Class members for whom Target has provided the Settlement Administrator with an e-mail address.

(2)    The Settlement Administrator shall send the "Postcard Notice," attached hereto as *Exhibit B*, to all Settlement Class members for whom Target has not provided an email address and to all Settlement Class members to whom the Settlement Administrator sent the Email Notice via email but for whom the Settlement Administrator receives notice of an undeliverable email. The Postcard Notice shall be mailed after the Settlement Administrator updates mailing addresses provided by Target with the National Change of Address database and other commercially feasible means.

(3)    The Settlement Administrator shall also maintain a website containing the Second Amended Complaint, the "Long Form Notice," attached hereto as *Exhibit C*, Plaintiffs' motion seeking Preliminary Approval, the Preliminary Approval Order, Plaintiffs' motion seeking Final Approval, and the Final Approval Order until at least 120 days after Final Approval. The Settlement Administrator shall send the Long Form Notice by mail to any Settlement Class member who requests a copy.

(4)    It will be conclusively presumed that the intended recipients received the Settlement Class Notices if the Settlement Administrator did not receive a bounce-back message and if mailed Settlement Class Notices have not been returned to the Settlement Administrator as undeliverable within fifteen days of mailing.

### 2.6    Opt-Outs and Objections.

As set forth below, Settlement Class members shall have the right to opt-out of the Settlement Class and the Settlement and Settlement Class Members shall have the right to object to the Settlement.

(a)    *Requirements for Opting-Out.* If a Settlement Class member wishes to be excluded from the Settlement Class and the Settlement, that Settlement Class member is required to submit to the Settlement Administrator at the address listed in the Settlement Class Notices, a written, signed, and dated statement that he or she is opting-out of the Settlement Class and understands that he or she will not receive a Settlement Class Member Cash Payment or a Debt Reduction Payment from the Settlement of the Action. To be effective, this opt-out statement (i) must be postmarked by the Opt-Out Deadline; (ii) include the Settlement Class member's name and TDC account number(s); and (iii) must be personally signed and dated by the Settlement Class member(s). The Settlement Administrator will, within 7 days of receiving any opt-out statement, provide counsel for the Parties with a copy of the opt-out statement. Any Settlement Class member who does not timely and validly request exclusion shall be a Settlement Class Member and shall be bound by the terms of this Agreement. The Settlement Class will not include any individuals who send timely and valid opt-out

statements, and individuals who opt-out are not entitled to receive a Settlement Class Member Cash Payment or Debt Reduction Payment under the Settlement.

(b)     *Objections*. Any Settlement Class Member who has not submitted a timely opt-out form and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement must send a written objection to the Clerk of the Court, Target's counsel, and Class Counsel by the Objection Deadline.

(1)     To be valid and considered by the Court, an objection must (i) be postmarked no later than the Objection Deadline; (ii) be sent to the Clerk of Court, Class Counsel, and Target's counsel, by first class mail and postmarked no later than the Objection Deadline; (iii) include the case name and case number and the objector's name, address, telephone number, and signature; (iv) contain an explanation of the nature of the objection and citation to any relevant legal authority; (v) indicate the number of times the objector has objected to a class action settlement in the past 5 years and the caption for any such case(s); (vi) identify any counsel representing the objector; and (vii) indicate whether the objector (whether *pro se* or through representation) intends to testify at the Final Approval Hearing.

(2)     Plaintiffs and Target may file responses to any objections that are submitted. Any Settlement Class Member who timely files and serves an objection in accordance with this section may appear at the Final Approval Hearing, either in person or through an attorney. Failure to adhere to the requirements of this section will bar a Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

(3)     The Parties shall have the right to take discovery, including via subpoenas *duces tecum* and depositions, from any objector.

(c)     *Waiver of Objections*. Except for Settlement Class members who opt-out of the Settlement Class in compliance with the foregoing, all Settlement Class Members will be deemed to be members of the Settlement Class for all purposes under this Agreement, the Final Approval Order, and the releases set forth in this Agreement and, unless they have timely asserted an objection to the Settlement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

(d)     *No Encouragement of Objections*. Neither the Parties nor any person acting on their behalf shall seek to solicit or otherwise encourage anyone to object to the Settlement or appeal from any order of the Court that is consistent with the terms of this Settlement.

2.7     Benefit Distribution.

(a)     Within 10 days of Final Approval, the Settlement Administrator shall provide to Target: (1) a list of the Settlement Class Members who are entitled to receive Settlement Class Member Cash Payments, along with the unique identifier associated with and the amount of the Settlement Class Member Cash Payment due each such Settlement Class Member; and (2) a list of the Settlement Class Members who are

11

entitled to receive Debt Reduction Payments, along with the unique identifier associated with and the amount of debt to be forgiven for each such Settlement Class Member. The information provided by the Settlement Administrator shall be considered conclusive as to which individuals are entitled to receive Settlement Class Member Cash Payments or Debt Reduction Payments and as to the amounts.

(b)      *Distribution of Settlement Class Member Cash Payments.* Within 30 days of the Effective Date, the Settlement Administrator shall send Settlement Class Member Cash Payments to all eligible Settlement Class Members from the Settlement Fund Account via check.

(c)      *Mailing Addresses.* Prior to mailing Settlement Class Member Cash Payments, the Settlement Administrator shall attempt to update the last known addresses of the Settlement Class Members through the National Change of Address Database or similar databases. No skip-tracing shall be done as to any checks that are returned by the postal service with no forwarding address. Settlement Class Member Cash Payments returned with a forwarding address shall be re-mailed to the new address within 7 days. The Settlement Administrator shall not mail Settlement Class Member Check Payments to addresses from which Settlement Class Notices were returned as undeliverable.

(d)      *Interest.* All interest on the funds in the Settlement Fund Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Settlement Administrator is responsible for the payment of all taxes on interest on the funds in the Settlement Fund Account.

(e)      *Time for Depositing Settlement Class Member Cash Payment Checks.* If a Settlement Class Member's Cash Payment check is not deposited (or cashed) within120 days after the check is mailed, (a) the check will be null and void; and (b) the Settlement Class Member will be barred from receiving a further Settlement Class Member Cash Payment under this Settlement.

(f)      *Completion of Debt Reduction Payments.* Within 60 days of the Effective Date, Target shall make the Debt Reduction Payments as described in Section 2.2(b)(6). Within 105 days of the Effective Date, the Administrator shall send notifications of such Debt Reduction Payments to each eligible Settlement Class Member, which notice shall include the amount of the Debt Reduction Payment.

(g)      *Deceased Settlement Class Members.* Any Settlement Class Member Cash Payment paid to a deceased Settlement Class Member shall be made payable to the estate of the deceased Settlement Class Member, provided that the Settlement Class Member's estate informs the Administrator of the Settlement Class Member's death at least 30 days before the date that Settlement Class Member Cash Payment checks are mailed and provides a death certificate confirming that the Settlement Class Member is deceased. If the Settlement Class Member's estate does not

inform the Administrator of the Settlement Class Member's death at least 30 days before the Settlement Class Member Cash Payment checks are mailed, the deceased Settlement Class Member will be barred from receiving a Settlement Class Member Cash Payment under this Settlement. In the event of any other complications arising in connection with the issuance or cashing of a refund check, the Administrator shall provide written notice to Class Counsel and Target's Counsel. Absent specific instructions from Class Counsel and Target's Counsel, the Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them.

(h)     *Tax Obligations.* The Parties shall have no responsibility or liability for any federal, state, or other taxes owed by Settlement Class Members as a result of, or that arise from, any Settlement Class Member Cash Payment, Debt Reduction Payment or any other term or condition of this Agreement.

(i)     *Tax Reporting.* The Administrator shall prepare, send, file, and furnish all tax information reporting forms required for payments made from the Settlement Fund Account as required by the Internal Revenue Service pursuant to the Internal Revenue Code and related Treasury Regulations. The Parties hereto agree to cooperate with the Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this section.

## Section 3.    Service Awards and Class Counsel's Fee & Expense Award

3.1     Class Representative Service Awards. Plaintiffs, through their counsel, shall each be entitled to apply to the Court for an award from the Settlement Fund for their participation in the Actions and their service to the Settlement Class. Based on their respective levels of participation in the Actions, Plaintiff Walters shall be entitled to apply for a Class Representative Service Award in an amount not exceeding $10,000.00 in recognition of his service to the Settlement Class and Plaintiffs Dixon, Powell, and Polcare shall be entitled to apply for a Class Representative Service Award in an amount not exceeding $3,000.00 in recognition of their service to the Settlement Class. Target shall not oppose or appeal such applications that do not exceed these amounts. The Class Representative Service Awards shall be paid from the Settlement Fund.

3.2     Fee & Expense Award. The Parties consent to the Court appointing Class Counsel in this Action for purposes of the Settlement. Class Counsel shall be entitled to apply to the Court for an award from the Settlement Fund not to exceed 30% of the Settlement Value to reimburse Class Counsel for attorneys' fees incurred in researching, preparing for, and litigating the Actions, and Class Counsel may also apply for reimbursement for costs and expenses incurred in the Actions. Target agrees not to oppose or appeal any such application that does not exceed 30% of the Settlement Value plus reimbursement for costs and expenses incurred in the Actions.

(a)     The Fee & Expense Award shall constitute full satisfaction of any obligation on the part of Target to pay any person, attorney, or law firm for costs,

13

litigation expenses, attorneys' fees, or any other expense incurred on behalf of Plaintiffs or the Settlement Class in the Actions.

(b)    The Settlement Administrator shall pay the Class Representative Service Awards to Plaintiffs and the Fee & Expense Award to Class Counsel from the Settlement Fund within 10 days of the Effective Date.

(c)    In the event the Court approves the Settlement, but declines to award Class Representative Service Awards or Class Counsel's attorneys' fees or costs in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties to the extent permissible under applicable law.

3.3    <u>Qualified Settlement Fund</u>. The funds in the Settlement Fund Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Settlement Fund Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Fund Account or otherwise, including any taxes or tax detriments that may be imposed upon Target, Target's counsel, Plaintiffs and/or Class Counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Fund Account. Target and Target's counsel and Plaintiffs and Class Counsel shall have no liability or responsibility for any of the Taxes. The Settlement Fund Account shall indemnify and hold Target and Target's counsel and Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

3.4    <u>Residual</u>. In the event that there is any residual in the Settlement Fund Account after the distributions required by this Agreement are completed, said funds shall in no circumstance revert to Target. At the election of Class Counsel and counsel for Target, and subject to the approval of the Court, the funds may be distributed to Settlement Class Members via a secondary distribution if economically feasible or through a residual *cy pres* program, National Endowment for Financial Education. Any residual secondary distribution or *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution of funds to the Settlement Class Members.

**Section 4.    Settlement Approval**

4.1    <u>Preliminary Approval</u>. On or before June 28, 2019, Plaintiffs will submit for the Court's consideration a motion seeking Preliminary Approval of the Settlement and apply to the Court for entry of the Preliminary Approval Order. In the event the Court does not enter the Preliminary Approval Order in materially the same form as *Exhibit D*, Target has the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Target waives in writing its right to terminate the Agreement due to any changes or deviations from the form of the Preliminary Approval Order. In Plaintiffs' motion seeking Preliminary Approval, Plaintiffs

14

shall request that the Court approve the Settlement Class Notices. The Court will ultimately determine and approve the content and form of the Settlement Class Notices to be distributed to Settlement Class Members.

The Parties further agree that in Plaintiffs' motion seeking Preliminary Approval, Plaintiffs will request that the Court enter the following schedule governing the Settlement:

| Event | Days after Entry of Preliminary Approval Order |
|---|---|
| Notice Complete | 70 Days |
| Filing of Motion for Class Representative Service Awards and Fee & Expense Application | 70 Days |
| Opt-Out Deadline | 130 Days |
| Objection Deadline | 130 Days |
| Filing of Motion for Final Approval | 170 Days |
| Proposed Final Approval Hearing | 200 Days (or when convenient for the Court) |

4.2   Final Approval. Plaintiffs will submit for the Court's consideration, by the deadline set by the Court, a proposed Final Approval Order. The motion for Final Approval of this Settlement shall include a request that the Court enter the Final Approval Order and, if the Court grants Final Approval of the Settlement and incorporates the Agreement into the final judgment, that the Court dismiss the California Action with prejudice, subject to the Court's continuing jurisdiction to enforce the Agreement.

(a)   In the event that the Court does not enter the Final Approval Order in materially the same form as what the Parties propose, Target has the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Target waives in writing its right to terminate the Agreement due to any material changes or deviations from the form of the Final Approval Order. Notwithstanding the foregoing, changes to the legal reasoning or analysis in the Final Approval Order that does not affect the substance of the Parties' agreement, the scope of the releases given, or any other obligations of the Parties in this Agreement, shall not be considered material changes or deviations permitting Target to terminate this Agreement.

(b)   In the event that the Effective Date does not come to pass, the Final Approval Order is vacated or reversed or the Settlement does not become final and binding, the Parties agree that the Court shall vacate any dismissal with prejudice.

4.3     <u>Effect of Disapproval</u>. If the Settlement does not receive Final Approval or the Effective Date does not come to pass, Target shall have the right to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Target waives in writing its right to terminate the Agreement under this section. In addition, the Parties agree that if this Agreement becomes null and void, Target shall not be prejudiced in any way from opposing class certification in the Actions, and Plaintiffs and the Settlement Class members shall not use anything in this Agreement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order to support a motion for class certification or as evidence of any wrongdoing by Target. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Additionally, the amended complaint required by Section 2.3 shall be void, and the First Amended Complaint shall be the operative complaint in the California Action. Each Party reserves the right to prosecute or defend the Actions in the event that this Agreement does not become final and binding.

4.4     <u>Termination Based on Percentage of Opt-Outs</u>. Target shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 15 days of the Opt-Out Deadline, if the number of persons in the Settlement Class who timely request exclusion from the Settlement Class equals or exceeds 2.5% of the Settlement Class.

**Section 5.     General Provisions**

5.1     <u>Cooperation</u>. The Parties agree that they will cooperate in good faith to effectuate and implement the terms and conditions of this Settlement.

5.2     <u>Extensions of Time</u>. Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

5.3     <u>Judicial Enforcement</u>. If the Court enters the Final Approval Order, then the Court shall have continuing authority and jurisdiction to enforce this Agreement. The Parties shall have the authority to seek enforcement of this Agreement and any of its aspects, terms, or provisions under any appropriate mechanism, including contempt proceedings. The Parties will confer in good faith prior to seeking judicial enforcement of this Agreement.

5.4     <u>Effect of Prior Agreements</u>. This Agreement constitutes the entire agreement and understanding of the Parties with respect to the Settlement of the Actions, contains the final and complete terms of the Settlement of the Actions and supersedes all prior agreements between the Parties regarding Settlement of the Actions. The Parties agree that there are no representations, understandings, or agreements relating to the Settlement of the Actions other than as set forth in this Agreement. Each Party acknowledges that it has not executed this Agreement in reliance upon any

promise, statement, representation, or warranty, written or verbal, not expressly contained herein.

        5.5    No Drafting Presumption. All Parties hereto have participated, through their counsel, in the drafting of this Agreement, and this Agreement shall not be construed more strictly against any one Party than the other Parties. Whenever possible, each term of this Agreement shall be interpreted in such a manner as to be valid and enforceable. Headings are for the convenience of the Parties only and are not intended to create substantive rights or obligations.

        5.6    Notices. All notices to the Parties or counsel for the Parties required or desired to be given under this Agreement shall be in writing and sent by overnight mail as follows:

To Plaintiffs and the Settlement Class:

> Jeff Ostrow
> KOPELOWITZ OSTROW
> FERGUSON WEISELBERG GILBERT
> 1 West Las Olas Blvd.
> Suite 500
> Fort Lauderdale, FL 33301

> Jeffrey D. Kaliel
> KALIEL PLLC
> 1875 Connecticut Avenue NW
> 10th Floor
> Washington, DC 20009

> Hassan Zavareei
> TYCKO & ZAVAREEI LLP
> 1828 L Street, NW
> Suite 1000
> Washington, DC 20036

To Target:

> James McGuire, Esq.
> MORRISON & FOERSTER LLP
> 425 Market St.
> San Francisco, CA 94105

        5.7    Modifications. No modifications to this Agreement may be made without written agreement of all Parties and Court approval.

        5.8    No Third-Party Beneficiaries. This Agreement shall not inure to the benefit of any third party.

17

5.9     <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts. Each signed counterpart together with the others shall constitute the full Agreement. Each signatory warrants that the signer has authority to bind his/her party.

5.10    <u>CAFA</u>. The Administrator shall timely send the notices required by 28 U.S.C. § 1715 within 10 days after Plaintiffs file the motion seeking Preliminary Approval of the Settlement.

5.11    <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day.

5.12    <u>Governing Law</u>. This Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

**PLAINTIFFS**

*James Walters*

James Walters

6/12/2019

Date

_____

_____

Michelle Dixon

Date

_____

_____

Charles Powell

Date

_____

_____

Deana Polcare

Date

**DEFENDANT TARGET CORPORATION**

_____

_____

Date

Title:_____

**CLASS COUNSEL**

_____

6/13/19

Jeff Ostrow, Esq.

Date

KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT

*Jeff kaliel*

6/13/2019

Jeffrey D. Kaliel, Esq.

Date

KALIEL PLLC

_____

_____

Hassan Zavareei, Esq.

Date

TYCKO & ZAVAREEI LLP

**TARGET'S COUNSEL - APPROVED AS TO FORM**

_____

_____

James R. McGuire, Esq.

Date

MORRISON & FOERSTER LLP

19

**PLAINTIFFS**

_____          _____
James Walters                                          Date

_____          Jun 13, 2019
Michelle Dixon (Jun 13, 2019)
_____          _____
Michelle Dixon                                        Date

_____          _____
Charles Powell                                        Date

_____          _____
Deana Polcare                                         Date

**DEFENDANT TARGET CORPORATION**

_____          _____
                                                              Date
Title:_____

**CLASS COUNSEL**

_____          _____
Jeff Ostrow, Esq.                                     Date
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT

_____          _____
Jeffrey D. Kaliel, Esq.                               Date
KALIEL PLLC

_____          _____
Hassan Zavareei, Esq.                               Date
TYCKO & ZAVAREEI LLP

**TARGET'S COUNSEL - APPROVED AS TO FORM**

_____          _____
James R. McGuire, Esq.                             Date
MORRISON & FOERSTER LLP

19

**PLAINTIFFS**

_____
James Walters

Date _____

_____
Michelle Dixon

Date _____

_____
Charles Powell

June 13, 2019
Date _____

_____
Deana Polcare

Date _____

**DEFENDANT TARGET CORPORATION**

_____
Title:_____

Date _____

**CLASS COUNSEL**

_____
Jeff Ostrow, Esq.
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT

Date _____

_____
Jeffrey D. Kaliel, Esq.
KALIEL PLLC

Date _____

_____
Hassan Zavareei, Esq.
TYCKO & ZAVAREEI LLP

Date _____

**TARGET'S COUNSEL - APPROVED AS TO FORM**

_____
James R. McGuire, Esq.
MORRISON & FOERSTER LLP

Date _____

19

**PLAINTIFFS**

_____          _____
James Walters                                                      Date

_____          _____
Michelle Dixon                                                     Date

_____          _____
Charles Powell                                                     Date

_____          _____
Deana Polcare                                                      Date 6/13/19

**DEFENDANT TARGET CORPORATION**

_____          _____
                                                                   Date

Title:_____

**CLASS COUNSEL**

_____          _____
Jeff Ostrow, Esq.                                                  Date
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT

_____          _____
Jeffrey D. Kaliel, Esq.                                            Date
KALIEL PLLC

_____          _____
Hassan Zavareei, Esq.                                              Date
TYCKO & ZAVAREEI LLP

**TARGET'S COUNSEL - APPROVED AS TO FORM**

_____          _____
James R. McGuire, Esq.                                             Date
MORRISON & FOERSTER LLP

19

**PLAINTIFFS**

_____                    _____

James Walters                                                                  Date

_____                    _____

Michelle Dixon                                                                 Date

_____                    _____

Charles Powell                                                                 Date

_____                    _____

Deana Polcare                                                                  Date

**DEFENDANT TARGET CORPORATION**

_____                    _____
                                                                                     Date
Title:_____

**CLASS COUNSEL**

_____                    _____

Jeff Ostrow, Esq.                                                            Date
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT

_____                    _____

Jeffrey D. Kaliel, Esq.                                                      Date
KALIEL PLLC

_____                    _____

Hassan Zavareei, Esq.                                              6/13/2019
TYCKO & ZAVAREEI LLP                                                   Date

**TARGET'S COUNSEL - APPROVED AS TO FORM**

_____                    _____

James R. McGuire, Esq.                                                  Date
MORRISON & FOERSTER LLP

19

**PLAINTIFFS**

_____
James Walters

_____
Date

_____
Michelle Dixon

_____
Date

_____
Charles Powell

_____
Date

_____
Deana Polcare

_____
Date

**DEFENDANT TARGET CORPORATION**

_Scott Kennedy_

June 18, 2019
_____
Date

Title: _President, Financial + Retail Services_

**CLASS COUNSEL**

_____
Jeff Ostrow, Esq.
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT

_____
Date

_____
Jeffrey D. Kaliel, Esq.
KALIEL PLLC

_____
Date

_____
Hassan Zavareei, Esq.
TYCKO & ZAVAREEI LLP

_____
Date

**TARGET'S COUNSEL - APPROVED AS TO FORM**

_James R. McGuire_

June 18, 2019
_____
James R. McGuire, Esq.
MORRISON & FOERSTER LLP

_____
Date

19

# EXHIBIT A

<u>EMAIL NOTICE</u>

**If You Had a Target Debit Card and Paid a Return Payment Fee, You May Be Eligible for a Payment or Debt Reduction from a Class Action Settlement.**

A Settlement has been reached in a class action lawsuit called *Walters v. Target Corp.*, No. 3:16-cv-01678-L-MDD, pending in the United States District Court for the Southern District of California.  The lawsuit alleges that Target deceptively marketed its Target Debit Card ("TDC"), and breached consumer agreements in the way it processed TDC Transactions and assessed Returned Payment Fees ("RPFs"). The RPFs were assessed when the bank account the consumer chose to link to his or her TDC did not have sufficient funds to cover a TDC Transaction and the bank returned the transaction to Target unpaid. Target maintains that there was nothing wrong with its marketing of the TDC and that it complied, at all times, with applicable laws and regulations and the terms of its agreements with its customers.

**Who is Included? You were sent this email because Target's records show you are a member of the Settlement Class.** The Settlement Class includes all TDC holders in the United States who, between June 29, 2012 and **Month Day, 2019**, incurred at least one RPF in connection with their TDC, that was not refunded or waived.

**What Are the Settlement Terms?** Target has agreed to establish a Settlement Fund of $5,000,000 from which eligible Settlement Class Members will receive payments, and a Debt Reduction Cash Amount of approximately $3,222,330 from which eligible Settlement Class Members will receive reductions on outstanding balances on their TDC accounts. Once the Court approves the Settlement, eligible Settlement Class Members will *automatically* receive their payments by check or debt reductions to their accounts. The Settlement also includes several business practice changes to how RPFs are assessed on TDC transactions.

**Your Rights May Be Affected**. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **Month Day, 2019**. If you do not timely exclude yourself you will not be able to sue Target in a future lawsuit about the claims covered by the Settlement. If you stay in the Settlement Class, you may object to the Settlement in writing by **Month Day, 2019**. The <u>Detailed Notice</u> explains how to exclude yourself from or object to the Settlement. The Court will hold a hearing on **Month Day, 2019**, **Time**, to consider whether to approve the Settlement and Class Counsel's request for attorneys' fees of up to 30% of the Settlement Fund, plus expenses and Class Representative Service Awards. You may appear at the hearing, but you are not required to attend. To appear and speak at the hearing, you must object to the Settlement in writing pursuant to the instructions in the Settlement Agreement. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing. Click <u>here</u> for a copy of the full Detailed Notice or call 1-XXX-XXX-XXXX to request a paper copy be mailed to you.

# EXHIBIT B

<u>POSTCARD NOTICE</u>

## If You had a Target Debit Card and Paid a Return Payment Fee, You May Be Eligible for a Payment or Debt Reduction from a Class Action Settlement.

A Settlement has been reached in a class action lawsuit called *Walters v. Target Corp.*, No. 3:16-cv-01678-L-MDD, pending in the United States District Court for the Southern District of California. The lawsuit alleges that Target deceptively marketed its Target Debit Card ("TDC"), and breached consumer agreements in the way it processed TDC Transactions and assessed Returned Payment Fees ("RPFs"). The RPFs were assessed when the bank account the consumer chose to link to his or her TDC did not have sufficient funds to cover a TDC Transaction and the bank returned the transaction to Target unpaid. Target maintains that there was nothing wrong with its marketing of the TDC and that it complied, at all times, with applicable laws and regulations and the terms of its agreements with its customers.

**Who is Included? You were sent this notice because Target's records show you are a member of the Settlement Class.** The Settlement Class includes all TDC holders in the United States who, between June 29, 2012 and **Month Day, 2019**, incurred at least one RPF in connection with their TDC, that was not refunded or waived.

**What Are the Settlement Terms?** Target has agreed to establish a Settlement Fund of $5,000,000 from which eligible Settlement Class Members will receive payments, and a Debt Reduction Cash Amount of approximately $3,222,330 from which eligible Settlement Class Members will receive reductions on outstanding balances on their TDC accounts. Once the Court approves the Settlement, eligible Settlement Class Members will *automatically* receive their payments by check or debt reductions to their accounts. The Settlement also includes several business practice changes to how RPFs are assessed on TDC transactions.

**Your Rights May Be Affected**. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **Month Day, 2019**. If you do not timely exclude yourself, you will not be able to sue Target in a future lawsuit about the claims covered by the Settlement. If you stay in the Settlement Class, you may object to the Settlement in writing by **Month Day, 2019**. The Detailed Notice available at the website below explains how to exclude yourself from or object to the Settlement. The Court will hold a hearing on **Month Day, 2019, Time**, to consider whether to approve the Settlement and Class Counsel's request for attorneys' fees of up to 30% of the Settlement Fund, plus expenses and Class Representative Service Awards. You may appear at the hearing, but you are not required to attend. To appear and speak at the hearing, you must object to the Settlement in writing pursuant to the instructions in the Settlement Agreement. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing. Visit the website below for a copy of the full Detailed Notice or call to request a paper copy be mailed to you.

**www.XXXXXXXXXXXXXX.com          1-XXX-XXX-XXXX**

# EXHIBIT C

<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA</u>

# If You Had a Target Debit Card and Paid a Return Payment Fee, You May Be Eligible for a Payment or Debt Reduction from a Class Action Settlement.

*A federal court authorized this notice.  You are not being sued.  This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit alleging that Target deceptively marketed its Target Debit Card ("TDC"), and breached consumer agreements in the way it processed TDC Transactions and assessed Returned Payment Fees ("RPFs").  The RPFs were assessed when the bank account the consumer chose to link to his or her TDC did not have sufficient funds to cover a TDC Transaction and the bank returned the transaction to Target unpaid.  Target maintains that there was nothing wrong with its marketing of the TDC and that it complied, at all times, with applicable laws and regulations and the terms of its agreements with its customers.

- Class Members may be entitled to either an automatic payment or an automatic reduction of any outstanding balance on their TDC account.  As part of the Settlement, Target has also agreed to several business practice changes related to TDC Transactions.

- The Settlement Class includes all TDC holders in the United States who, between June 29, 2012 and **Month Day, 2019**, incurred at least one RPF in connection with their TDC that was not refunded or waived.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Participate in the Settlement (Do Nothing)** | You are entitled under the Settlement to a Settlement Class Member Cash Payment or Debt Reduction Payment. You do not have to do anything to receive your Settlement Class Member Cash Payment or Debt Reduction Payment. If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class and are entitled to receive a payment or debt reduction, you will automatically receive a Settlement Class Member Cash Payment by check or Debt Reduction Payment.<br><br>All Settlement Class Members will benefit from the business practice changes to which Target has agreed. |
| **Exclude Yourself from the Settlement** | Receive no benefit from the Settlement. This is the only option that allows you to retain your right to bring any other lawsuit against Target about the claims in this case. |
| **Object** | Write to the Court if you do not like the terms of the Settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | You will receive any payment or reduction of debt to which you are entitled, and will give up your right to bring your own lawsuit against Target about the claims in this case. |

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXX.com**

- These rights and options — **and the deadlines to exercise them** — are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Settlement Class Member Cash Payments and Debt Reduction Payments will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...........................................................................................**PAGE 3**

   1. Why is there a notice?

   2. What is this lawsuit about?

   3. What do "Linked Deposit Account," "TDC," "TDC Agreement," "TDC Transaction," and "RPF"  mean?

   4. Why is this a class action?

   5. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT**.........................................................................**PAGE 3**

   6. Who is included in the Settlement?

**THE SETTLEMENT'S BENEFITS**......................................................................**PAGE 4**

   7. What does the Settlement provide?

   8. How do I receive a payment or debt reduction?

   9. What am I giving up to stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................**PAGE 5**

   10. How do I get out of the Settlement?

   11. If I do not exclude myself, can I sue Target for the same thing later?

   12. If I exclude myself from the Settlement, can I still receive a payment?

**THE LAWYERS REPRESENTING YOU**..............................................................**PAGE 5**

   13. Do I have a lawyer in this case?

   14. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .................................................................**PAGE 6**

   15. How do I tell the Court that I don't like the Settlement?

   16. What's the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING**......................................................**PAGE 7**

   17. When and where will the Court decide whether to approve the Settlement?

   18. Do I have to come to the hearing?

   19. May I speak at the hearing?

**IF YOU DO NOTHING** .....................................................................................**PAGE 7**

   20. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ......................................................................**PAGE 7**

   21. How do I get more information?

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXXXXXXXX.com**

3

# BASIC INFORMATION

### 1.  Why is there a notice?

A Court authorized this notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give Final Approval to the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge M. James Lorenz of the United States District Court for the Southern District of California is overseeing this case. The case is known as *Walters v. Target Corp.,* No. 3:16-cv-1678-L-MDD (the "Action"). The persons who sued are called the "Plaintiffs." The Defendant is Target.

A separate lawsuit pending in the United States District Court for Minnesota, *Dixon v. Target Corp.*, No. 0:18-cv-02660, will be dismissed with prejudice as part of the proposed Settlement.

### 2.  What is this lawsuit about?

The Action claims that the TDC (as defined below) is deceptively marketed. The Action further alleges that Target breached the TDC Agreement as well as the duty of good faith and fair dealing by the manner in which Target processes TDC Transactions and assesses RPFs (also defined below). The First Amended Complaint is posted at www.XXXXXXXXXXXX.com and contains all of the allegations and claims asserted against Target.

Target denied, and continues to deny, each and every claim and allegation of wrongdoing asserted in the Action, and Target believes it would ultimately be successful in its defense of all claims asserted in the Action.

### 3.  What do "Linked Deposit Account," "TDC," "TDC Agreement," "TDC Transaction, and  "RPF" mean?

"**Linked Deposit Account**" means the deposit account linked to a consumer's TDC from which the TDC withdraws funds to pay TDC Transactions.

"**TDC**" means the Target Debit Card.

"**TDC Agreement**" means the TDC terms and conditions as may be amended from time to time that all consumers accept when they open a TDC account.

"**TDC Transaction**" means a transaction with Target whether in a brick-and-mortar Target store or on Target's website where a customer uses their TDC to make a purchase.

"**RPF**" or, plural, "**RPFs**," means the Returned Payment Fee that Target applies to a TDC when a TDC transaction is returned unpaid by the customer's financial institution holding the Linked Deposit Account, as described in the TDC Agreement.

### 4.  Why is this a class action?

In a class action, one or more people called class representatives (in this case, Plaintiffs James Walters, Michelle Dixon, Charles Powell, and Deana Polcare) sue on behalf of people who have similar claims. The people included in the class action are called the Settlement Class or Settlement Class members. One court resolves the issues for all Settlement Class members, except for those who timely exclude themselves from the Settlement Class.

### 5.  Why is there a Settlement?

The Court has not decided in favor of either the Plaintiffs or Target. Instead, both sides agreed to the Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXX.com**

4

Settlement Class Members receive the benefits described in this notice. The Class Representatives and Class Counsel believe the Settlement is best for everyone who is affected.

# WHO IS IN THE SETTLEMENT?

To see if you will be affected by the Settlement or if you can get a payment or debt reduction from it, you first have to determine if you are a Settlement Class member.

### 6. Who is included in the Settlement?

All TDC holders in the United States who, within the Class Period, incurred at least one RPF in connection with their TDC, that was not refunded or waived.

Based on a review of Target's data, it is estimated that the Settlement Class numbers approximately 954,805. You may contact the Settlement Administrator if you have any questions as to whether you are in the Settlement Class.

# THE SETTLEMENT'S BENEFITS

### 7. What does the Settlement provide?

Under the Settlement Target has agreed to provide both business practice changes and monetary relief (money) to Settlement Class Members.

**Business Practice Changes**

Beginning on Month Day, 2019, Target agrees not to implement or assess RPFs, or any equivalent fee, in connection with TDC Transactions of less than $7.00. Beginning on **Month Day, 2019**, Target agrees that any RPFs charged will be the lesser of the RPF as disclosed by the TDC Agreement or the amount of the TDC Transaction that was returned unpaid. Both changes will remain in effect for a period of 2 years, or until **Month Day, 20__**.

Plaintiffs and Target will work collaboratively to amend the TDC Agreement to provide additional information to TDC Holders regarding how they may incur RPFs from Target and non-sufficient funds or overdraft fees from their banks and/or credit unions in connection with the use of the TDC.

**Monetary Relief**

Target has agreed to pay a Cash Settlement Amount of $5,000,000 and to waive approximately $3,222,330 in RPFs currently due and owing by Settlement Class Members.

How will Settlement Class Member Cash Payments be Calculated? Each Settlement Class Member who incurred a RPF during the Class Period and paid all or part of the first RPF incurred during the Class Period will be entitled to receive a cash payment from the Net Settlement Fund. The Net Settlement Fund means the $5,000,000 Cash Settlement Amount minus Class Representative Service Awards and Fee & Expense Award. Each Settlement Class Member Cash Payment shall be equal to the Settlement Class Member's *pro rata* share of the Net Settlement fund based on the dollar amount of the first RPF paid by the Settlement Class Member.

How will Debt Reduction Payments be Calculated? For Settlement Class Members who have not paid the first RPFs they incurred during the Class Period at the time the Settlement Class Member Cash Payments are to be distributed, the Debt Reduction Cash Amount will be used by Target to reduce such outstanding RPFs by twenty-five percent.

Under the Settlement a Class Member may not qualify for relief from both the Cash Settlement Amount and Debt Reduction Cash Amount even if they paid one or more RPFs during the Class Period

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXX.com**

5

that was not refunded and were assessed at least one other RPF during the Class Period that is still due and owing.

## 8.  How do I receive a payment or debt reduction?

If you are in the Settlement Class and entitled to receive a Settlement Class Member Cash Payment or Debt Reduction Payment, you do not need to do anything to receive it. If the Court approves the Settlement and it becomes final and effective, you will *automatically* receive a payment by check or reduction of your debt.

## 9.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement Class, you cannot sue or be part of any other lawsuit against Target about the legal issues in this Action. It also means that all of the decisions by the Court will bind you. The "Release" included in the Settlement Agreement describes the precise legal claims that you give up if you remain in the Settlement. The Settlement Agreement is available at www.XXXXXXXXXXXXXXXXXXX.com.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue Target on your own about the legal issues in this Action, then you must take steps to get out of the Settlement. This is called excluding yourself — or it is sometimes referred to as "opting-out" of the Settlement Class.

## 10.  How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter that includes the following:

- Your name and your TDC account number(s);
- A short statement that you are opting-out of the Settlement Class and that you understand that you will not receive a Settlement Class Member Cash Payment or a Debt Reduction Payment from the Settlement of the Action; and
- Your signature and the date you sign.

You must mail your exclusion request, postmarked no later than **Month Day, 2019**, to:

TDC Settlement
P.O. Box XXXX
Portland, OR XXXXX-XXXX

## 11.  If I do not exclude myself, can I sue Target for the same thing later?

No. Unless you exclude yourself, you give up the right to sue Target for the claims that the Settlement resolves. You must exclude yourself from the Settlement Class in order to try to pursue your own lawsuit.

## 12.  If I exclude myself from the Settlement, can I still receive a payment?

No. You will not receive a payment or debt reduction if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

## 13.  Do I have a lawyer in this case?

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXX.com**

6

The Court has appointed a number of lawyers to represent you and others in the Settlement Class as "Class Counsel," including the law firms Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Kaliel PLLC, and Tycko & Zavareei LLP.

Class Counsel will represent you and others in the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers be paid? |
|---|

Class Counsel intends to request up to 30% of the Settlement Value (the total value of the Cash Settlement Amount plus the Debt Reduction Cash Amount) to reimburse Class Counsel for attorneys' fees incurred in researching, preparing for, and litigating this Action, and Class Counsel may also apply for reimbursement for costs and expenses incurred in the Action. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will determine the amount of fees and expenses to award.

Based on their respective levels of participation in the Actions, Class Counsel will request for Plaintiff Walters a Class Representative Service Award in an amount not exceeding $7,500.00 in recognition of his service to the Settlement Class and will request for Plaintiffs Dixon, Powell, and Polcare a Class Representative Service Award in an amount not exceeding $3,000.00 in recognition of their service to the Settlement Class.

# OBJECTING TO THE SETTLEMENT

| 15. How do I tell the Court that I don't like the Settlement? |
|---|

If you are a Settlement Class Member, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's requests for fees and expenses and/or Class Counsel's request for Service Awards for the Class Representatives. To object, you must submit a letter that includes the following:

- The case name and case number and your name, address, telephone number, and signature;
- An explanation of the nature of your objection and citation to any relevant legal authority;
- The number of times you have objected to a class action settlement in the past 5 years and the caption for any such case(s);
- The name of any counsel representing you; and
- Whether you (on your own or through you attorney) intend to testify at the final approval hearing (see below).

You must send your objection to the Clerk of Court, class counsel, and defense counsel at the addresses below, by first class mail and postmarked no later than **Month Day, 2019**.

| Clerk of the Court | Class Counsel | Defense Counsel |
|---|---|---|
| Office of the Clerk of the Court for the United States District Court for the Southern District of California 333 West Broadway, Suite 420 San Diego, CA 92101 | Jeff Ostrow, Esq. KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT 1 West Las Olas Blvd., Suite 500 Fort Lauderdale, FL 33301 | James McGuire, Esq. MORRISON & FOERSTER LLP 425 Market St. San Francisco, CA 94105 |

The Parties have the right to take discovery, including subpoenas and depositions, from any objector.

### 16.  What's the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you don't want to be part of the Settlement. If you exclude yourself from the Settlement, you have no basis to object to the Settlement because it no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement, and the request for attorneys' fees, expenses and Service Awards for the Class Representatives. You may attend and you may ask to speak, but you don't have to do so.

### 17.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at _:__ a.m. on **Month Day, 2019**, at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, Courtroom 5B. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXXXXXXXXXXXXXXXXXX.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider any request by Class Counsel for attorneys' fees and expenses and for Service Awards for the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know when the Court will make its decision. It is a good idea to check www.XXXXXXXXXXXXXXXXX.com for updates.

### 18.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you may come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, to the proper addresses and it complies with the requirements set forth previously, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 19.  May I speak at the hearing?

You may speak at the Final Approval Hearing if you have filed and served a timely objection to the Settlement according to the procedures set out in Section __ above.

## IF YOU DO NOTHING

### 20.  What happens if I do nothing at all?

If you do nothing, you will still receive the benefits to which you are entitled under the Settlement Agreement. Unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against Target relating to the issues in this Action.

## GETTING MORE INFORMATION

### 21.  How do I get more information?

This Detailed Notice summarizes the proposed Settlement. More details can be found in the Settlement Agreement. You can obtain a copy of the Settlement Agreement at www.XXXXXXXXXXXXXX.com. You may also write with questions to TDC Settlement, P.O. Box

**Questions?  Call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXX.com**

8

XXXX, Portland, OR XXXXX-XXXX, or call the toll-free number, 1-XXX-XXX-XXXXX. Do not contact Target or the Court for information.

# EXHIBIT D

1

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

9

10

JAMES WALTERS, on behalf of himself and those similarly situated,

Plaintiff,

v.

TARGET CORP.,

Defendant.

CASE NO. 3:16-cv-1678-L-MDD

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS**

11

12

13

14

15

16

This case comes before the Court on the motion of Plaintiffs, James Walters, Michelle Dixon, Charles Powell and Deana Polcare ("Plaintiffs"), on behalf of themselves and the Settlement Class they seek to represent, for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, granting Preliminary Approval of Settlement Agreement and Release ("Agreement") entered into between Plaintiffs and Defendant Target Corp. ("Target") dated June 18, 2019.

17

18

19

20

The definitions and capitalized terms in the Agreement and Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class are hereby incorporated as though fully set forth in this Order and shall have the same meanings attributed to them in those documents.

21

22

23

Having considered the matter, Plaintiffs' motion, the proposed Agreement, and the Joint Declaration of Class Counsel for the proposed Settlement Class, and good cause appearing therefore,

24

IT IS HEREBY ORDERED THAT:

25

26

27

1.     The Agreement is preliminarily approved as fair, reasonable, and adequate. Plaintiffs and the Settlement Class, by and through their counsel, have investigated the facts and law relating to the matters alleged in the First Amended Complaint, including

28

1

through dispositive motion practice, legal research as to the sufficiency of the claims, an evaluation of the risks associated with continued litigation, trial, and/or appeal, including risks associated with the currently pending interlocutory appeal, and confirmatory discovery.

2.      The Agreement appears to be the product of arm's length negotiations between Class Counsel and counsel for Target, which occurred following mediation before Robert J. Meyer, Esq. of JAMS.

3.      The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All TDC holders in the United States who, within the Class Period, incurred at least one RPF in connection with their TDC, that was not refunded or waived.

4.      The Court finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Additionally, for purposes of settlement only,

2

the Court finds that Target has acted on grounds that apply generally to the Settlement Class, so that the final injunctive relief to which the Parties have agreed is appropriate respecting the Settlement Class as a whole.

6.      For purposes of the Settlement only, the Court finds and determines, pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, that Plaintiffs James Walters, Michelle Dixon, Charles Powell, and Deana Polcare will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action and appoints them Class Representatives of the Settlement Class.

7.      For purposes of the Settlement only and pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel Jeff Ostrow, Jeffrey Kaliel, Hassan Zavareei, Sophia Gold and Joshua Levine to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement.

8.      The Court designates Epiq Systems as Settlement Administrator to administer the notice procedures. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

9.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Action, (b) free of collusion, and (c) within the range of possible final judicial approval, subject to further consideration at the Final Approval Hearing.

10.      The Court approves, as to form and content, the Settlement Class Notices attached to the Agreement as Exhibits A, B, and C for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class members. The Court finds that the Settlement Class Notices are reasonable; constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and that they meet the requirements of due process and Rule 23 of the Federal Rules

3

of Civil Procedure. Specifically, the Court finds that the Settlement Class Notices comply with Rule 23(e) of the Federal Rules of Civil Procedure as they are a reasonable manner of providing notice to those Settlement Class members who would be bound by the Agreement. The Court also finds that the manner of dissemination of notice complies with Rule 23(c)(2), as it is also the most practicable notice under the circumstances, provides individual notice to all Settlement Class members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise Settlement Class members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

11.     As soon as possible after the entry of this order, but not later than 70 days after the entry of this Order, the Settlement Administrator will complete notice to the Settlement Class as provided in the Agreement.

12.     The Settlement Class Notices shall be updated by Plaintiffs and/or the Settlement Administrator to identify the Opt-out and Objection Deadlines of 130 days after the entry of this Order, as well as the date and time of the Final Approval Hearing as set forth below.

13.     Target shall deposit the Cash Settlement Amount into an escrow account selected by the Settlement Administrator within 15 days of this Order.

14.     Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement by submitting to the Settlement Administrator at the physical address listed in the Notices, a written, signed, and dated statement that he or she is opting-out of the Settlement Class and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be postmarked no later than the Opt-Out Deadline; (ii) include the Settlement Class member's name address, telephone number, and TDC account number(s); and (iii) be personally signed and dated by the Settlement Class member. All persons who timely submit properly completed requests for exclusion shall have no rights under the Agreement

and shall not share in the benefits of the Settlement and shall not be bound by the Agreement. Any members of the Settlement Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Agreement and the Final Approval Order, regardless of whether they have requested to be opted-out from the Settlement.

15.     Any person falling within the definition of the Settlement Class, and who does not opt-out from the Settlement, may object to the terms of the proposed Settlement as reflected in the Agreement, the certification of the Settlement Class, the entry of the Final Approval Order, the amount of attorneys' fees and expenses requested by Class Counsel, and/or the amount of the Service Awards requested by the Plaintiffs. To be valid and considered by the Court, an objection must (i) be postmarked no later than the Objection Deadline; (ii) be sent to the Clerk of Court, Class Counsel, and Target's counsel, by first class mail; (iii) include the case name and case number and the objector's name, address, telephone number, and signature; (iv) contain an explanation of the nature of the objection and citation to any relevant legal authority; (v) indicate the number of times the objector has objected to a class action settlement in the past 5 years and the caption for any such case(s); (vi) identify any counsel representing the objector; and (vii) indicate whether the objector (whether *pro se* or through representation) intends to testify at the Final Approval Hearing.

16.     Plaintiffs and Target may file responses to any objections that are submitted. Any Settlement Class Member who timely files and serves an objection in accordance with this order may appear at the Final Approval Hearing, either in person or through an attorney. Failure to adhere to the requirements of this section will bar a Settlement Class Member from being heard at the Final Approval Hearing, either individually or through an attorney, unless the Court otherwise orders.

17.     Any Settlement Class Member who does not make his or her objections in the manner and by the date set forth above of this Order shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other

5

action or proceeding, absent further order of the Court.

18.     All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

19.     Upon the entry of this Order, the Class Representatives and Settlement Class members shall be provisionally enjoined and barred from asserting any claims against Target and the Target Releasees arising out of, relating to, or in connection with the Released Target Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

20.     This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Target of any liability or wrongdoing by Target or any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf with respect to the assessment of overdraft fees or that the case was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to Target's assessment of RPFs. Target may file the Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     The Settlement will not become effective unless the Court enters a Final Approval Order. If the Settlement does not receive Final Approval or the Effective Date does not come to pass, Target shall have the right to terminate the Agreement and the Settlement and will have no further obligations under the Agreement unless Target waives in writing its right to terminate the Agreement under this section. In addition, if the Agreement becomes null and void, Target shall not be prejudiced in any way from

6

opposing class certification in the Actions, and Plaintiffs and the Settlement Class members shall not use anything in the Agreement, in any terms sheet, or in the Preliminary Approval Order or Final Approval Order to support a motion for class certification or as evidence of any wrongdoing by Target. The amended complaint filed by the Parties for purposes of Settlement shall be void, and the First Amended Complaint shall be the operative complaint in this Action. No Party shall be deemed to have waived any claims, objections, rights or defenses, or legal arguments or positions, including but not limited to, claims or objections to class certification, or claims or defenses on the merits. Each Party reserves the right to prosecute or defend the Actions in the event that this Agreement does not become final and binding.

22.     The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

23.     Plaintiffs' Motion for Final Approval of the Settlement must include the required and customary filings. In addition, the motion papers shall include:

a.     A declaration evidencing Target's compliance with the Class Action Fairness Act notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice.

b.     A declaration from the Settlement Administrator regarding compliance with its duties under the Settlement and this Order; a copy of the actual Notices (Email, Postcard, and Long Form) sent to the class; and a report on (1) the number of Settlement Class members to whom Email Notice was sent, (2) the number of returned undelivered email notices, (3) the number of Settlement Class members to whom Postcard Notices were initially sent, (4) an explanation of efforts to locate correct addresses for returned undelivered Postcard Notices after the first mailing, (5) the number of notices sent to the updated addresses in a second mailing, and (6) the number of such notices returned undelivered.

1            c.  An explanation of how class counsel calculated the most likely recoverable

2  damages.

3         24.     For the benefit of the Settlement Class and to protect this Court's

4  jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to

5  ensure the effectuation thereof in accordance with the Settlement preliminarily approved

6  herein and the related orders of this Court.

7         25.     Class Counsel and Target Counsel are hereby authorized to use all

8  reasonable procedures in connection with approval and administration of the Settlement

9  that are not materially inconsistent with this Order or the Agreement, including making,

10 without further approval of the Court, minor changes to the form or content of the

11 Settlement Class Notices, and other exhibits that they jointly agree are reasonable or

12 necessary.

13        26.     The Final Approval Hearing will be conducted in Courtroom 5B, Suite

14 5145, of the U.S. District Court for the Southern District of California, located at 221 West

15 Broadway, San Diego, CA 92101 on _____, 2020, at 10:30 am to determine: (a)

16 whether the Settlement should be approved as fair, reasonable, and adequate to the

17 Settlement Class; (b) whether the Final Approval Order should be entered in substance

18 materially the same form as the Parties propose; (c) whether to approve any motion for

19 attorneys' fees and costs and expenses and/or any application for Class Representative

20 Service Awards; and (d) any other matters that may properly be brought before the Court

21 in connection with the Settlement. The Final Approval Hearing is subject to continuation

22 or adjournment by the Court without further notice to the Settlement Class. The Court may

23 approve the Settlement with such modifications as the Parties may agree to, if appropriate,

24 without further notice to the Settlement Class.

25        27.     The Parties must file all papers in support of Final Approval of the

26 Agreement and in response to objections to the Agreement on or before 170 days after the

27 date of entry of this Order ("Final Approval Motion Deadline").  Any motion for attorneys'

28

fees and costs and expenses and/or any application for Class Representative Service Awards shall be filed within 70 days of entry of this Order.

28.      The Court hereby sets the following schedule of events:

| Event | Calendar Days After Entry of this Order | Date |
|---|---|---|
| Notice Complete | 70 Days | |
| Motion for Class Representatives' Service Awards and Attorneys' Fee and Expense Awards | 70 Days | |
| Opt-Out Deadline | 130 Days | |
| Objection Deadline | 130 Days | |
| Motion for Final Approval | 170 Days | |
| Final Approval Hearing | 200 Days (or when convenient for the Court) | |

Dated: _____      _____

Hon. M. James Lorenz
United States District Judge

9